PER CURIAM.
Kforce, Inc. appeals a non-final order denying its request for temporary injunction against Kerin Mickenberg which sought to enforce a covenant not to compete.
When she went to work for Kforce in 1995, Mickenberg signed a covenant not to compete. She left Kforce in 2002 and began to work for a competitor. At the hearing on the temporary injunction, Kforce proved that Mickenberg had contacted its customers by e-mail. The emails demonstrated Mickenberg’s attempt to circumvent the terms of the noncompet-ition agreement. For example, two e *1191 mails informed clients that Mickenberg was trying to “remain low key” to avoid any “conflict of interest” issues. Other comments were that she was willing “to work with [the client] behind the scenes for a little while” and to contact her if she could be of any assistance.
These e-mails amounted to a direct solicitation of Kforee’s customers. Under section 542.33(2)(a), Florida Statutes (1995), “solicitation of existing customers shall be presumed to be an irreparable injury.” At the hearing, Kforee demonstrated entitlement to a temporary injunction. We reverse the order of the circuit court and remand with directions to enter a temporary injunction enforcing the noncompetition agreement.
KLEIN, SHAHOOD and GROSS, JJ., concur.